MICHAEL LICHTENSTEIN, Respondent, v. J. OHL, INC., and JOSEPH OHL, Appellants.— As to the individual defendant, judgment reversed upon the law and the facts, with costs against respondent, and complaint as to said defendant dismissed, with costs. As to this defendant the determination is contrary to the evidence. As to the corporate defendant, judgment modified by reducing the amount of the damage to $2,840, and as so modified unanimously affirmed, without costs. Plaintiff's damage is measured by the value of the use of his building, while being deprived of such use, which in this case was approximately four and one-half months. The evidence shows that by reason of defendant's neglect to remove promptly the shoring beams from plaintiff's premises, the latter was denied the use of his new building from February 1, 1929, when the building was to be finished under the first contract, to July 28, 1929, the time when the building was finished under the second contract. It being "impossible to measure them [damages] to a nicety" (*Barnes* v. *Midland R. R. Terminal Co.*, 218 N. Y. 91, 101) we deem it fair upon the evidence to compute plaintiff's net rentals at $520 per month and allow four and one-half months, to which is added $500 for the increased cost of the second contract, making total damages of $2,840. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur. Settle order on notice.

LLOYDS FIRST MORTGAGE CORPORATION, Plaintiff, v. R. SILVESTRE CONSTRUCTION CO., INC., and Others, Defendants, CARLO RECINE and JAMES PIRO, Appellants, Respondents, and WILLIAM EEFTING, Respondent, Appellant.— Order unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

ANNA M. McCONNIN, Appellant, v. WALTER E. BEDELL and Others, Copartners Trading under the Firm Name and Style of WOODWORTH, LOUNSBERY & Co., Respondents.— Order denying plaintiff's motion to set aside dismissal of complaint and open default reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. No affidavits having been submitted to the Trial Term justice when the order was made dismissing the complaint, it was proper to move at Special Term to set aside the dismissal. In our opinion the dismissal of the complaint under the circumstances shown was unwarranted. The question of whether or not plaintiff's action is meritorious, and whether there was an accord and satisfaction, must be determined at a trial. Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT N. RYAN, Relator, v. EDWARD P. MULROONEY, as Police Commissioner of the Police Department of the City of New York, Respondent.— Determination of the police commissioner unanimously confirmed and certiorari proceeding dismissed, with fifty dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.